WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delores Jane Clark,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin,<br>Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-11-2561-PHX- BSB<br><br>**ORDER** |

  Plaintiff Delores Jane Clark has filed a timely Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 31.) Defendant, the Commissioner of the Social Security Administration (the Commissioner or the government), opposes this motion. (Doc. 34.) For the reasons set forth below, the Court grants the motion and awards attorney's fees to Plaintiff in the amount of $13,501.50.

**I. Procedural History**

  In June 2007, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 1381-1383f. (Tr. 18.)[1] Plaintiff alleged

---

[1] Citations to "Tr." are to the administrative record located at docket 12.

1

disability with an onset date of March 2003. (*Id*. at 32.) Plaintiff's application was denied at the initial level of administrative review. After a hearing, an Administrative Law Judge (ALJ) denied Plaintiff's application for benefits. (*Id.* at 30-58) This decision became the Commissioner's final decision when the Social Security Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id*. at 1-6.)

Plaintiff then brought this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner's final decision. (Doc. 1.) This Court issued an order on January 23, 2013, remanding for further proceedings because it found that the ALJ erred by rejecting treating physicians' opinions, relying on the opinion of a one-time examiner as substantial evidence, and rejecting Plaintiff's symptom testimony. (Doc. 29 at 10-11, 15, 18-20.)

Plaintiff subsequently filed the pending motion requesting $13,279.76 in attorney's fees. (Doc. 31.) In her Reply, Plaintiff seeks an additional $221.74 in attorney's fees for time spent preparing her Reply. (Doc. 37.) The government argues that the motion should be denied because its position was substantially justified. The government also argues that any award of attorney's fees should be paid directly to Plaintiff, not to her attorney. (Doc. 34 at 9-11.)

**II.  Attorney's Fees under the EAJA**

In any action brought by or against the United States, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added); *see Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988) (stating that the EAJA creates a presumption that fees will be awarded to the prevailing party unless the government establishes that its position was "substantially justified"). The government bears the burden of establishing substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

"Substantially justified means justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted). A substantially justified position must have a reasonable basis both in law and fact. *Id* "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 2013 WL 3802382, at *1 (9th Cir. Jul. 23, 2013). The EAJA specifically provides that, "'[t]he position of the United States' means, in addition to the posture taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the Social Security context, the Ninth Circuit treats an ALJ's decision as the "action or failure to act by the agency upon which the civil action is based." *Meier*, 2013 WL 3802382, at *2. Thus, when applying the substantial justification test, the court determines "(1) whether the [ALJ] was substantially justified in taking [the] original action, and (2) whether the government was substantially justified in defending the validity of the action in court." *Gutierrez*, 274 F.3d at 1258; *see also Meier*, 2013 WL 3802382, at *3 ("Applying the substantial justification test [in the Social Security context, the court] first consider[s] the underlying agency action, which . . . is the decision of the ALJ. [The court] then considers the government's litigation position.").

**III. Analysis**

**A.    Prevailing Party**

The Court must first determine whether Plaintiff qualifies as a prevailing party under the EAJA. A plaintiff is a prevailing party if he or she succeeds on "any significant issue that achieves some of the benefit sought in bringing the suit." *Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999) (citing *Tex. State Teachers Ass'n. v. Garland Indep. School Dist.*, 489 U.S. 782, 791-92 (1989)). A claimant who obtains a court order remanding a Social Security case to the Commissioner either for further proceedings or for an award of benefits is a prevailing party under the EAJA. *Shalala v. Schaefer*, 509

1   U.S. 292, 300-01 (1993).  Here, the parties do not dispute that Plaintiff is a prevailing
2   party because the Court remanded this matter for further proceedings.  *See Gutierrez*, 274
3   F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for
4   purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of
5   whether disability benefits are ultimately awarded.").

### B. Underlying Agency Conduct

7   The parties dispute whether the ALJ's decision was substantially justified.  Here,
8   the order remanding this matter was based on the Court's conclusion that the ALJ erred
9   by rejecting the treating physicians' opinions, relying on the opinion of a one-time
10  examiner as substantial evidence, and rejecting Plaintiff's symptom testimony without
11  providing sufficient reasons.  (Doc. 29.)  The Court remanded this matter for further
12  proceedings and consideration of the record because "'[t]here may be evidence in the
13  record to which the [ALJ] can point to provide the requisite' reasons for rejecting the
14  opinions of treating physicians Dr Tsingine and Dr. Summner and for discounting
15  Plaintiff's credibility . . . ."  (Doc. 29 at 21 (quoting *McAllister v. Sullivan*, 888 F.2d 599,
16  63 (9th Cir. 1989).)

17  In response to Plaintiff's request for attorney's fees, the government argues that
18  the ALJ provided sufficient reasons for discounting the opinions of Dr. Tsingine and
19  Dr. Sumner.  The government argues that the ALJ noted that Dr. Tsingine's opinion was
20  inconsistent with the objective medical findings and the record as a whole.  (Doc. 34 at
21  4.)  The government raised this same argument in its response to Plaintiff's opening brief.
22  (Doc. 24 at 8-14.)   The Court, however, rejected the government's argument because the
23  ALJ did not identify the objective findings or other record evidence that conflicted with
24  the treating physicians' opinions.  (Doc. 29 at 11-12.)

25  The government also argues that the ALJ gave sufficient reasons for discounting
26  Plaintiff's symptom testimony.  (Doc. 34 at 5.)  The government mainly reiterates
27  arguments from its opposition brief and does not present any new arguments in support of
28  the ALJ's decision.  (Doc. 24 at 17-22.)  Thus, the government has not met its burden of

establishing that the ALJ's position was substantially justified. *See Eames v. Bowen*, 864 F.2d 251, 252, (2d Cir. 1988) (the government must make a "strong showing" to carry its burden).

### C. Litigation Position

Because the government's underlying position was not substantially justified, the Court need not address whether the government's litigation position was justified. *Meier*, 2013 WL 3802382, at *4 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings.")). Moreover, even if the Court considered the government's position in this litigation, the Court would find that it was not substantially justified. *See Sampson v. Chater,* 103 F.3d 918, 922 (9th Cir. 1996) (stating that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not."). The government's defense of the ALJ's decision mainly restates its arguments that the Court previously rejected in its order remanding this matter for further proceedings. Considering the errors in the ALJ's analysis, the Court cannot find that the government was substantially justified in defending the ALJ's determination in this case. Accordingly, the Court will award Plaintiff attorney's fees under the EAJA.

### IV. Award of Attorney's Fees

Plaintiff's counsel has filed an affidavit and an itemized statement of attorney's fees showing that he worked 66.1 hours on this case and that the attorney's fees total $13,501.50. (Docs. 49, Ex. 1; Doc. 51.) The amount of fees requested is based on the following hourly rates and hours of work: (1) in 2011, 2.6 hours at the hourly rate of $180.59; (2) in 2012, 55.1 hours at the hourly rate of $184.32; and (3) in 2013, 8.4 hours at the hourly rate of $184.32. (Docs. 33, Ex. 1; Doc. 37 at 4.) The government does not oppose the amount of fees requested.

Attorney's fees and expenses under the EAJA must be reasonable. *See* 28 U.S.C. §§ 2412(d)(2)(A). Counsel for the prevailing party has an ethical duty to make a

good faith effort to exclude "excessive, redundant, or otherwise unnecessary" hours from counsel's fee petition. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); *Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

The EAJA limits attorney's fees to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(2)(d)(A). The Supreme Court has suggested that an increase based on the cost of living is "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992) (quoting *Pierce*, 487 U.S. at 571 (1988)). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed ($155.70). *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (citing *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1463) (9th Cir. 1988)).

Plaintiff has calculated the attorney's fees award based on hourly rates that are slightly less than or equal to the statutory maximum hourly rate under the EAJA. *See* 'Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Sept. 5, 2013).[2] Additionally, in view of the voluminous administrative record, the Court finds that counsel expended a reasonable number of hours on this matter. Accordingly, the Court awards Plaintiff the requested amount of attorney's fees, $13,501.50.

Finally, Plaintiff requests that the Court order that "any check be sent to Plaintiff's counsel's office." (Doc. 37.) The government argues that any award of attorney's fees should be made payable to Plaintiff, not her attorney. (Doc. 34.) In *Astrue v. Ratliff*, 560

---

[2] The applicable statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, are as follows: first half of 2013 — $186.55; 2012 — $184.32; and 2011 — $180.59.

- 6 -

U.S. \_\_\_, 130 S. Ct. 2521 (2010), the Supreme Court held that EAJA fees are payable to the prevailing party, not his attorney. Plaintiff states that the fee agreement with counsel provides that any EAJA fees are assigned to Plaintiff's counsel. Plaintiff recognizes *Ratliff's* holding that EAJA fees are payable to the prevailing party, not his attorney, and requests that the Court order that any award of attorney's fees, payable to Plaintiff, be sent to her attorney's office "so that assignment between Plaintiff and counsel may be executed . . . ." (Doc. 37 at 4.) Plaintiff does not request that the check be made payable to her attorney.

In *Ratliff,* the Supreme Court held that EAJA fees are payable the prevailing party, not his attorney, but the "practical reality that attorneys are the beneficiaries and, almost always, the ultimate recipients of the fees that the statute awards to the 'prevailing part[ies]'" because of "nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant." 130 S. Ct. at 2529 (quoting *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990)). The Court further noted that such "arrangements would be unnecessary if . . . statutory fees language like that in . . . EAJA provide[d] attorneys with a statutory right to direct payment of awards." *Id*. Thus, although *Ratliff* clarifies that EAJA awards of attorney's fees are payable directly to the prevailing party, it does not preclude the contractual assignment of the fee award to that party's attorney.[3] Therefore, the Court declines to order *direct* payment of attorney's fees to Plaintiff's attorney, but directs the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees under the

---

[3] *See Brown v. Astrue*, 271 Fed. Appx. 741, 744 (10th Cir. 2008) (stating that "the private contractual arrangement between [Plaintiff] and his counsel [is] a collateral matter that the [Court] need not address when considering the EAJA fees motion.").

- 7 -

Equal Access to Justice Act (Doc. 31) is **GRANTED** and that Plaintiff is awarded $13,501.50 in attorney's fees to be mailed (payable to Plaintiff) to Plaintiff's counsel, Mark Caldwell, Caldwell & Ober PLLC, 1940 East Camelback Road, Suite 150, Phoenix, Arizona 85016.

Dated this 5th day of September, 2013.

Bridget S. Bade
United States Magistrate Judge